IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-20208
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CARLOS LERMA,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. CA-H-95-4784
- - - - - - - - - -
September 20, 1996

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

    Carlos Roberto Lerma, # 5111-079, appeals the district court's denial of his petition brought pursuant to 28 U.S.C. § 2241 but construed as a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Lerma argues that the district court erred when it construed his petition as a § 2255 motion. Section 2255, however, is the proper vehicle for Lerma's

_____

    [*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

claim that his conviction should be reversed because the Government failed to establish federal jurisdiction to prosecute him because it did not show that the property on which he committed his offense was under the exclusive or concurrent jurisdiction of the United States.  See <u>Cox v. Warden, Federal Detention Center</u>, 911 F.2d 1111, 1113 (5th Cir. 1990).  Moreover, the district court did not abuse its discretion when it dismissed his motion pursuant to Rule 9(b) of the Rules Governing § 2255 Proceedings inasmuch as Lerma has not shown cause for not raising his new claim in his prior § 2255 motion.  <u>United States v. Flores</u>, 981 F.2d 231, 234 (5th Cir. 1993).  The judgment of the district court is AFFIRMED.  Lerma's motion to strike the Government's brief and to correct the caption of his lawsuit are DENIED.